# 12-50595

## In the
## United States Court of Appeals
## For the Fifth Circuit

### United States of America

*Government-Appellee*

v.

### Shelton Hopkins Jr.

*Defendant-Appellant*

---

## *Anders* Brief on Behalf of Appellant –
## Shelton Hopkins Jr.

---

Joe Rivera
State Bar No. 24065981

**Naman, Howell, Smith & Lee, PLLC**
P.O. Box 1470
400 Austin Ave., Suite 800
Waco, Texas 76703
254.755.4100
254.754.6331 (fax)

**Attorneys for Appellant - Court Appointed**

# 12-50595

**In the
United States Court of Appeals
For the Fifth Circuit**

**United States of America**

*Government-Appellee*

v.

**Shelton Hopkins Jr.**

*Defendant-Appellant*

## Certificate of Interested Parties

Pursuant to Local Rule 28.2.1, Shelton Hopkins Jr. hereby identifies those persons, associations of persons, or other entities that are, or may be interested in the outcome of this case. This certificate is made so that the Judges of this Court may evaluate any possible disqualification or necessary recusal.

Shelton Bernard Hopkins Jr.               Defendant/Appellant

United States of America                   Appellee

**Counsel for the Parties:**

| | |
|---|---|
| Gregory S. Gloff | Assistant United States |
| Assistant United States Attorney | Attorney / Trial Counsel |
| 800 Franklin Ave., Suite 280 | |
| Waco, Texas 76703 | |
| | |
| Joseph H. Gay, Jr. | Assistant United States |
| Assistant United States Attorney | Attorney / Appellate |
| 601 N.W. Loop 410, Ste. 600 | Counsel |
| San Antonio, Texas 78216 | |
| | |
| Joe Rivera | Appellate Counsel |
| Naman, Howell, Smith & Lee, L.L.P. | for Defendant |
| 400 Austin Ave., Suite 800 | |
| Waco, Texas 76701 | |
| | |
| Jonathan Sibley | Trial Counsel |
| Sibley Law Firm | for Defendant |
| 801 Washington Ave., Suite 300 | |
| Waco, Texas 76701 | |

_____/s/ *Joe Rivera*_____
Joe Rivera

# **Table of Contents**

Certificate of Interested Parties ................................................................ ii

Table of Contents ................................................................................. iv

Table of Authorities ............................................................................. v

Statement of Jurisdiction ...................................................................... 2

Statement of Issues ............................................................................. 3

Statement of the Case .......................................................................... 3

    (a)    Course of Proceeding & Disposition of the Case Below ............................ 3

    (b)    Statement of Facts ..................................................................... 5

Counsel's Certification of Review of the Record .................................... 6

Summary of the Argument .................................................................... 7

Argument and Authorities .................................................................... 9

  Issue Number 1:  Compliance With Rule 11 and Other Possible Grounds for Challenging Conviction ....................................................................... 9

  Issue Number 2:  Compliance With Rule 32 and Other Possible Challenges to the Sentence ...................................................................................... 13

    1. The District Court Did Not Abuse Its Discretion In Imposing The Obstruction Adjustment ..................................................................... 15

    2.  The District Court Did Not Err in Denying An Adjustment for Acceptance of Responsibility ............................................................... 18

Conclusion ........................................................................................ 21

Certificate of Service .......................................................................... 22

Certificate of Compliance .................................................................... 23

# **Table of Authorities**

## **Cases**

*Anders v. California*, 386 U.S. 738 (1967) .................................................. 3, 8, 9, 13

*Cal. v. Hodari D.*, 499 U.S. 621, 625 (1991) ...........................................17

*Medford v. State,* 13 S.W.3d 769, 773 (Tex. Crim. App. 2000) .......................17, 18

*United States v. Alexander*, 869 F.2d 808, 811 (5th Cir. 1989) ..............................12

*United States v. Ayala*, 47 F.3d 688, 690-91 (5th Cir. 1995) ..................................19

*United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007)..............................18

*United States v. Chung,* 261 F.3d 536, 540 (5th Cir. 2001) ..................................19

*United States v. Honken*, 184 F.3d 961, 967-973 (8th Cir.1999) ...........................19

*United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008)......................19

*United States v. Lamere*, 980 F.2d 506, 515 n.6 (8th Cir. 1992)...........................17

*United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir. 1993) ................................15

*United States v. Lopez*, 217 Fed. Appx. 406, 407-08 (5th Cir. 2007) ....................20

*United States v. Norman*, 129 F.3d 1393, 1400 (7th Cir. 1997)............................17

*See United States v. Resendiz-Ponce,* 549 U.S. 102, 106-07 (2007)......................16

*United States v. Sahley*, 526 F.2d 913, 918 (5th Cir. 1976)) ..................................12

*United States v. Sanchez-Guerrero*, 546 F.3d 328, 333 (5th Cir. 2008) .................11

*United States v. Simpson*, 645 F.3d 300, 307 (5th Cir. 2011) ...........................10, 11

*United States v. Snyder*, 707 F.2d 139, 145 (5th Cir. 1983)...................................11

*United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994) ..................................15

*United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996) ....................................21

## **Statutes**

18 U.S.C. § 3161 ......................................................................................11, 12

21 U.S.C §§ 841 ..................................................................................1, 2, 3, 9

28 U.S.C. §1291 ...........................................................................................2

Tex. Pen. Code § 38.04 ...............................................................................18

Tex. Pen. Code § 38.06 ...............................................................................18

## **Rules**

Rule 11, Fed. R. Crim. P ......................................................................9, 10, 13

Rule 32,  Fed. R. Crim. P ..............................................................................14

## **Guidelines**

U.S.S.G. 3C1.1 ...............................................................................15, 16, 18

USSG § 3E1.1 ..........................................................................................18, 20

# 12-50595

### In the
### United States Court of Appeals
### For the Fifth Circuit

**United States of America**

*Government-Appellee*

v.

**Shelton Hopkins Jr.**

*Defendant-Appellant*

---

### *Anders* Brief on Behalf of Appellant –
### Shelton Hopkins Jr.

---

Comes Now, Counsel for Shelton Hopkins Jr., the Appellant herein, and files this *Anders* Brief in support of his Motion to Withdraw as Counsel. This is a criminal case involving possession with intent to distribute cocaine base. In August of 2001, Hopkins was indicted, and charged with possession with intent to distribute at least 28 grams of cocaine base in violation of 21 U.S.C §§ 841. (R. 8.)

Hopkins was represented by court-appointed counsel before the district court. (R. 1.) Hopkins pled guilty to the charge in April 2012. (R. 48.) In June 2012, Hopkins was sentenced to 210 months in prison, 5 years supervised release,

a $1,000 fine, and a $100 special assessment.  (R. 51; Tr. 123-24.)  This appeal followed.

## Statement of Jurisdiction

This is an appeal from an Order and Judgment of conviction and a sentence imposed in a criminal case. Hopkins was charged with possession with intent to distribute at least 28 grams of cocaine base, in violation of 21 U.S.C. § 841. Hopkins entered a guilty plea to the one count of the indictment against him, but challenged the calculation of his sentence at trial. Because this is an appeal from a final decision, this Court has jurisdiction under 28 U.S.C. §1291.

Hopkins entered his guilty plea before the district court on April 12, 2012. (R. 4, 48.)  The district court accepted the plea.  (R. 48.)  Sentencing was on June 6, 2012.  (R 5, 50-52.)  The judgment was entered on June 12, 2012. (R. 54-61.) Hopkins filed a Notice of Appeal on June 18, 2012. (R. 68.)

# Statement of the Issues

This Brief is filed concurrently with Counsel's Motion to Withdraw as Counsel of Record.  The reason for the request to withdraw is that counsel has been unable to identify any non-frivolous issue that can be raised on appeal. Pursuant to *Anders v. California*, 386 U.S. 738 (1967) counsel is providing this Brief that outlines possible areas of inquiry and a certification that he has made a "conscientious examination" of the case. *Hughes v. Booker,* 220 F.3d 346, 349 (5th Cir. 2000).

# Statement of the Case

(a) Course of Proceeding & Disposition of the Case Below

Hopkins was originally charged in a one-count indictment with a violation of 21 U.S.C. §§ 841.  (R. 19-26).  Specifically, Hopkins was charged with possession with intent to distribute at least 28 grams of a mixture or substance containing cocaine base.  (R. 8.)  By writ of habeas corpus ad prosequendum, Hopkins was transferred from the custody of the Sheriff for Williamson County, Texas, to the United State Marshal for the Western District of Texas on December 5, 2011.  (R. 12-15.)  Hopkins was detained pending his trial. (R. 17.)

Hopkins filed a waiver of appearance at his arraignment and entered a plea of not guilty.  (R. 27-28.)  A continuance of the case was granted on February 29,

2012, continuing the original trial setting for 28 days.  (R. 21-22, 29-33.)  Hopkins trial counsel then filed a motion to withdraw.  (R. 34-36.)  That motion was denied, but the district court continued the trial setting for an additional week.  (R. 39-41.)

Defense counsel filed a second motion for continuance on April 9, 2012, asserting that additional time was needed to investigate the allegations and to conduct discovery.  (R. 42-44.)  Hopkins appeared at his rearraignment three days later and did not raise the motion or complain of inadequate time to prepare his case, instead confirming that he was familiar with the charge, had discussed the case with his attorney, and had ample time to do so.  (R. 5, 48; Tr. 84-86, 105.)  Hopkins entered a plea of guilty at the rearraignment.  (R. 48.)

Sentencing proceedings were held on June 6, 2012. (S. Tr. 1; R. 50-52.)  Prior to sentencing, Hopkins filed objections to the Pre-Sentence Investigation Report ("PSR").  (PSR Addendum.)    Hopkins argued that the PSR improperly assigned a two-level upward adjustment to his offense level for obstruction and denied him any downward adjustment for acceptance of responsibility.  (PSR Addendum.)

The probation officer declined to revise the PSR and the objections were referred to the district court.  The district court overruled the objections, and accepted the recommendations in the PSR (Tr. 122).    That determination set the offense level at 30.  That offense level, with an uncontested Criminal History of

VI, resulted in a guideline range of 168 to 210 months. (PSR, p.19, ¶71.)  The

Court imposed a sentence within the Guideline Range – 210 months.  (R. 54-60;

Tr. 123.)

The judgment was entered on June 12, 2012. (R. 54.)  Notice of Appeal was

filed on June 18, 2012. (R. 68.)

(b) Statement of Facts

The Factual Basis presented by the government summarizes the offense to

which Hopkins pled guilty as follows:

> On June 30, 2011, Williamson County officers were the at the
> residence of the Defendant in Temple, Bell County, Texas, which is
> located in the Waco Division of the Western District of Texas, to
> execute warrants for a parole violation and felon in possession of a
> firearm regarding the Defendant, SHELTON BERNARD HOPKINS,
> JR.  Officers located the Defendant inside the residence and took him
> into custody.   While officers were arresting the Defendant, they
> noticed what appeared to be "crack" cocaine on the kitchen counter.
> During the arrest, a crowd began to gather outside the residence and
> began to get rowdy.   The officers had placed the Defendant in
> handcuffs and he was seated on the ground in or just outside the
> residence while the Williamson County officers waited for Temple
> Police Officers to arrive with a search warrant.   While Williamson
> County officers turned their attention to the crowd, HOPKINS got up
> from the ground and ran into the bathroom where he locked the door.
> Officers got the door opened and caught HOPKINS dumping bags of
> "crack" cocaine into the toilet in an attempt to destroy the narcotics.
> The water to the toilet was not running so none of the "crack" cocaine
> was flushed.  HOPKINS was then escorted from the bathroom.

> During the execution of the search warrant, officers found "crack"
> cocaine on the kitchen counter, under the kitchen stove, and in the
> bathroom.  Officers also found powder cocaine in a sock under the

kitchen stove.  Officers found a set of car keys on the counter top next to the kitchen sink, and the Defendant claimed the car keys as belonging to him.  On the set of keys was a house key to the residence.  Officers also found on top of the refrigerator several pieces of mail addressed to the Defendant at that residence.  Marijuana was located in the Defendant's pocket, along with $282 in cash.  Digital scales were found in the bathroom and bedroom.

The suspected "crack" cocaine was submitted to the United States Drug Enforcement Administration Laboratory, and the substance was verified to contain cocaine base, i.e. crack cocaine, with a net weight of 275.4 grams.  The actual drug amount was 113.7 grams.

Based on the training and experience of Brian Orange, Temple Police Department, the amount of "crack" cocaine found at the Defendant's residence was an amount intended for distribution. (Tr. 88-89; R. 45-47).

The Factual Basis filed by the government thus summarizes Hopkins's possession of crack cocaine along with items used in the distribution of narcotics, as well as Hopkins's efforts during and after his arrest.  When the district court asked if Hopkins had any disagreement with the Factual Basis, Hopkins's trial counsel responded that Hopkins "has some disagreements with the factual basis but they do not affect the plea agreement."  (Tr. 89.)[1]

## Counsel's Certification of Review of the Record

Court-appointed counsel for Hopkins certifies to the Court that he has made a conscientious review of the record.  There are 42 pages of transcribed court

---

[1] It appears that in using the phrase "plea agreement," Hopkins's counsel misspoke.  There was no plea agreement in place.  (Tr. 87.)  Instead, it appears that Hopkins's counsel meant that it does not affect the guilty plea.

proceedings from the Rearraignment, 4 pages from the hearing on Hopkins's trial counsel's motion to withdraw, and 8 pages from the sentencing proceedings. The PSR, including the addendum with Hopkins's objections and the probation officer's response thereto, is 24 pages. The district clerk's record is 72 pages and there is a one-page statement of reasons.[2] Thus, the amount of material that needed to be read and reviewed was average for a case of this type. Listed below are those areas that immediately incited review and research for possible appellate review, and these areas encompass all procedural and substantive areas that occurred to counsel.

## Summary of the Argument

Hopkins's guilt for the charged offense is conclusively established by his guilty plea. The guilty plea was voluntary under the record presented, and no procedural protections typically required for acceptance of the plea are missing. Nor did Hopkins factually contest his guilt. At the Rearraignment, Hopkins's counsel stated that he had no objection to the Factual Basis that would affect his plea. At sentencing, Hopkins did not contend that his guilt was not established, and he declined a request to revisit his guilty plea.

---

[2] Much of the Record in the case involves relatively ordinary events in the life of a criminal case, with relatively routine results.

Nor was there error in Hopkins's sentence. The sentence was a function of the cocaine base for which Hopkins was held responsible and his criminal history score. Hopkins was held responsible for the cocaine found in the house where he was arrested and Hopkins did not object to this aspect of the guideline calculation. Hopkins did object to the district court's imposing on him an obstruction of justice adjustment and denying him a downward adjustment for acceptance of responsibility. But under the record, the district court was wholly within its discretion to in imposing the obstruction adjustment and denying an adjustment for acceptance of responsibility.

Hopkins's attorney also filed a motion to withdraw, and later filed a motion for continuance. The district court did not err in denying the motion to withdraw and instead granting Hopkins and his counsel additional time to prepare their case. As for the motion for continuance, Hopkins had been granted two prior continuances and, regardless, he proceeded with sentencing without seeking a ruling on the motion or even mentioning the motion. In any event, the district court would have been well within its discretion in denying the motion. These issues and the issues identified in this Court's "*Anders* Guidelines" are addressed in this brief.

# **Argument and Authorities**

## **Issue Number 1: Compliance With Rule 11 and Other Possible Grounds for Challenging Conviction**

Hopkins was charged with possession with intent to distribute cocaine base in violation of 21 U.S.C. §841, a statute that has been the subject of numerous trials and opinions by this Court. There is no aspect of this statute relevant to this case that has not been construed or that is subject to challenge.

Hopkins made no claims that raised legal issues as to his guilt. Hopkins did not argue about the application of the statute, its constitutionality, or any procedural issues that might have affected his plea.

Hopkins's guilty plea was made without any agreement from the government as to a particular sentence or with regard to other charges. Hopkins waived no future rights by making his guilty plea. Under the *Anders* case guidelines used by the Court, counsel provides the following information –

I) Advising and Questioning the Defendant – Rule 11(b)(1), Fed. R. Crim. P.

   a) A warning that statements under oath may be used by the Government in a prosecution for perjury was given at Rearraignment. (Tr. 81).

   b) Ensuring that Hopkins had received a copy of the indictment and had ample opportunity to discuss the charges and possible defenses with his attorney and that Hopkins was satisfied with his attorney. (Tr. 84-85, 105-06.)

   c) Hopkins was informed of his right to enter a plea of not guilty and to a jury trial. (Tr. 87, 106.)

   d) Hopkins was informed of his right to counsel, and appointed counsel at trial, and at every other stage. (Tr. 107.)

e) Hopkins was informed of his right to confront and cross-examine witnesses, to be protected from compelled self-incrimination, to testify and present evidence. (Tr. 107.)

f) Hopkins was advised that he would waive important rights if the court accepted his plea. (Tr. 103-04, 108.)

g) Hopkins was informed of the nature of the charge against him. (Tr. 86-88.)

h) Hopkins was informed of the maximum penalty, including imprisonment, fine and term of supervised release. (Tr. 86.)

i) Hopkins was informed of the mandatory special assessment on the charges against him. (Tr. 86.)

j) Hopkins was given detailed information about how the sentencing guidelines would apply to his case, including the mandatory minimum that would apply to him if he persisted in a guilty plea. (Tr. 111-37.)


II) Ensuring That Plea is Voluntary – Rule 11(b)(2), Fed. R. Crim. P.

a) The district court made reasonably detailed inquiry about whether the plea was voluntary. This district court inquired about Hopkins's competence and mental acuity and both Hopkins and his attorney confirmed his competence and fitness to participate in the proceedings.  (Tr. 282-84)  The district court also ensured that Hopkins's plea was free from duress or undue persuasion and that no promises had been made to Hopkins, by the government, defense counsel, or anyone else, about the sentence he would receive.  (Tr. 109-11, 113-14.)

There are two issues that might bear on the voluntariness of Hopkins's plea that merit further discussion.  One issue is the attempt by his trial attorney to withdraw from the case.  Denial of a motion to substitute counsel is reviewed for an abuse of discretion.  *E.g., United States v. Simpson*, 645 F.3d 300, 307 (5th Cir. 2011). The right to counsel guaranteed by the Sixth Amendment does not include

the right to counsel of defendant's choice. *United States v. Snyder*, 707 F.2d 139, 145 (5th Cir. 1983), *abrogated in part on other grounds by United States v. Sanchez-Guerrero*, 546 F.3d 328, 333 (5th Cir. 2008). Substitute counsel should be appointed only for good cause. *Simpson*, 645 F.3d at 307.

Hopkins's trial attorney explained at the hearing on the motion to withdraw that Hopkins had asked that he file the motion. (Tr. 73.) The district court specifically inquired of Hopkins about the reason for the motion at the hearing, and Hopkins did not voice any complaint about his trial attorney, but instead stated that he wanted more time to prepare. (Tr. 73.) That motion was denied, but the district court continued the trial setting for an additional week. (R. 39-41; Tr. 73-74.) Nothing in the record indicates good cause to withdraw Hopkins's trial counsel and appoint substitute counsel. *Simpson*, 645 F.3d at 307-10 (discussing circumstances that amount to good cause).

Hopkins also filed a motion for continuance just before his rearraignment. Under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, a period of delay resulting from a continuance are excluded from the time in which a trial must be commenced if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). A motion for continuance based the asserted need for additional time to prepare for trial must

take into account the exercise of due diligence.   18 U.S.C. § 3161(h)(7)(A)(iv).

The grant or denial of a continuance is generally within the sound discretion of the

trial court and will be disturbed on appeal only for an abuse of that discretion.

*United States v. Alexander*, 869 F.2d 808, 811 (5th Cir. 1989) (citing *United States*

*v. Sahley*, 526 F.2d 913, 918 (5th Cir. 1976)).

Hopkins filed his second motion for continuance just three days before his

rearraignment.  (R. 42, 48.)  A prior motion for continuance by Hopkins had been

granted, continuing the original trial setting for 28 days.   (R. 21-22, 29-33.)

Hopkins's trial counsel then filed a motion to withdraw.  (R. 34-36.)  Rather than

grant the motion to withdraw, the district court granted Hopkins and his trial

counsel an additional week to prepare.  Thus, Hopkins's second motion was filed

after he had already been granted two continuances.

Hopkins's second motion asks for a continuance based on the need for

additional time to investigate the charge and conduct discovery, though no specific

issues for which additional investigation or discovery was necessary were

identified in the motion.  (R. 42-44.)  Hopkins appeared at his rearraignment three

days after filing the motion and did not raise the motion or complain of inadequate

time to prepare his case at the rearraignment.  (Tr. 78-116.)  Instead, Hopkins

confirmed that he was familiar with the charge, had discussed the case with his

attorney, and had ample time to do so.  (R. 5, 48; Tr. 84-86, 105.)  The district

court inquired of Hopkins, who confirmed that his plea of guilty entered at the rearraignment was voluntary and not entered under duress. (Tr. 109-11, 113-14.) The record does not reflect an abuse of discretion by the district court's not granting Hopkins a third continuance.

III)    Determining the Factual Basis for Plea – Rule 11(b)(3), Fed. R. Crim. P.

a) The Government gave a consistent and complete factual basis for the plea. (Tr. 88-89; R. 45-47). Hopkins's attorney stated that Hopkins had some disagreements with the factual basis, but no specific complaints about the factual basis were made and Hopkins's counsel assured the district court that the disagreements did not affect the plea. (Tr. 89.)

IV)    Judicial Consideration of Plea Agreement – Rule 11(b)(3), Fed. R. Crim. P.

a) During the rearraignment, the district court inquired in the presence of Hopkins and his attorney whether there was a plea agreement in place, to which the government responded that there was no agreement. (Tr. 87.)

b) Also during rearraignment, the district court ensured that Hopkins was pleading guilty because he was guilty and for no other reason, and in particular ensured that there had been no promise made by the government, defense counsel, or anyone else about the sentence Hopkins would receive. (Tr. 106-14.)

## Issue Number 2:  Compliance With Rule 32 and Other Possible Challenges to the Sentence

Under the *Anders* case guidelines used by the Court, counsel provides the following information –

I)   PSR & Sentencing

a) Disclosing the PSR – Rule 32(e)(2) Fed. R. Crim. P.

    i) The PSR was disclosed to the Hopkins. (PSR Addendum; Tr. 119.) Hopkins responded to the PSR, and filed objections.  (PSR Addendum.) Hopkins was given the opportunity to raise additional matters not addressed in the objections, but declined to do so.  (Tr. 119.)

b) Sentencing – Rule 32(i)(1), Fed. R. Crim. P.

    i) Hopkins and his counsel acknowledged receipt of the PSR, and the addenda to it, and read it for possible disputes. (Tr. 119.)

    ii) Hopkins and his counsel were offered the opportunity to comment on the PSR and other sentencing matters. (Tr. 119-23.)

    iii) The Court made findings on the disputed items—the obstruction adjustment and acceptance of responsibility adjustment.  (Tr.122.)

    iv) Hopkins was advised of his right to appeal, which he promptly exercised. (R. 68; Tr. 124.)

c) Calculation of the Sentence

    i) The district court correctly calculated the base offense based on the drug quantity described in the PSR. (Tr. 122.)

    ii) The district court correctly calculated the Criminal History applicable to Hopkins, and no objection was raised to this calculation. (PSR p. 8-14; Tr. 123-24.)

As for the district court's consideration and application of adjustments, there is no contention that the mathematical calculation of base offense plus / minus adjustments was not correct, nor that the district court applied the wrong Guideline range. (Tr. 122.)  Only one adjustment was made to the base offense level.  (PSR p.7 ¶25.)   The PSR recommended and the district court imposed a two-level upward adjustment for obstruction of justice.  Hopkins objected to this and also

objected to his not receiving a downward adjustment for acceptance of responsibility. (PSR Addendum.) The issues raised by these objections are addressed below.

1.    The District Court Did Not Abuse Its Discretion In Imposing The Obstruction Adjustment

The PSR assigned and the district court imposed a two-level upward adjustment to Hopkins's offense level. Under U.S.S.G. § 3C1.1, a defendant's offense level is increased by two if the defendant willfully obstructed or attempted to obstruct justice, and the conduct relates to either the defendant's offense or relevant conduct or a closely related offense.

A district court's finding that a defendant has obstructed justice under section 3C1.1 is a factual finding and thus, reviewed for clear error. *United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir. 1993). This Court gives great deference to a trial court's application of 3C1.1. *United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994).

The PSR assigned an obstruction adjustment because Hopkins attempted to flush the crack with which he was ultimately charged down a toilet. (PSR p.7, ¶25.) Officers executed an arrest warrant at Hopkins's, placed Hopkins in handcuffs, and had him sit down outside while they waited for a search warrant. (Tr. 88-89; R. 45-47). A crowd began to gather outside the house and get rowdy,

diverting the officers' attention. (Id.)  While the officers were distracted, Hopkins got up, grabbed some of the crack, went to a bathroom, and attempted to flush it down a toilet. (Id.)  Officers caught Hopkins in the act of attempting to flush the crack. (Tr. 88.)

Hopkins objected to the obstruction adjustment, arguing that he did not succeed in destroying any drugs and had, after his arrest, timely pled guilty and been cooperative.  The obstructive conduct covered by U.S.S.G. 3C1.1 includes destruction of evidence.  U.S.S.G. 3C1.1 App. N. 4(D).  U.S.S.G. 3C1.1 specifically applies to attempted obstruction.  Hopkins's attempt to obstruct justice was complete when he acted with intent to obstruct justice.  *See United States v. Resendiz-Ponce,* 549 U.S. 102, 106-07 (2007)  (discussing attempt liability principles).

At sentencing, Hopkins's trial counsel argued that the adjustment should not apply because his attempt to flush the crack occurred contemporaneously with his arrest. (Tr. 122.)  U.S.S.G. § 3C1.1 App. N. 4(D) states in relevant part that if the attempted destruction of evidence "occurred contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution."

But Hopkins's attempt to flush the cocaine was not a reflexive response to an imminent arrest or an act during the officers' effort to effectuate the arrest. *See United States v. Norman*, 129 F.3d 1393, 1400 (7th Cir. 1997) (citing *United States v. Lamere*, 980 F.2d 506, 515 n.6 (8th Cir. 1992) (discussing actions taken in response to arrest)). Both federal courts and the courts of Texas, where Hopkins was arrested, recognize an arrest as a "single act, not a continuous fact." *Cal. v. Hodari D.*, 499 U.S. 621, 625 (1991); *see also Medford v. State,* 13 S.W.3d 769, 773 (Tex. Crim. App. 2000) (arrest complete when arrestee's liberty is restrained). Once Hopkins was placed in handcuffs and made to sit down by police, the arrest of Hopkins was complete. *Hodari D.*, 499 U.S. at 624 (at common law, "to constitute an arrest . . . the mere grasping or application of physical force with lawful authority, whether or not it succeeded in subduing the arrestee, was sufficient"); *see also Medford,* 13 S.W.3d at 773 ("An arrest is complete whenever a person's liberty of movement is restricted or restrained."). After the completed arrest, Hopkins attempted to destroy evidence. *Cf. Hodari D.*, 499 U.S. at 625 (stating that if a person, having been placed under arrest, breaks away and throws away evidence, "it would hardly be realistic to say that that disclosure had been made during the course of an arrest"). Thus, the record does not reflect an abuse of discretion by the district court in imposing the obstruction adjustment. Indeed, it appears that had Hopkins escaped from law enforcement having been handcuffed,

he could have been charged with escape from arrest under Tex. Pen. Code § 38.06, rather than evading arrest under Tex. Pen. Code § 38.04.  *See Medford,* 13 S.W.3d at 770-74 (discussion completion of arrest for charge of escape from arrest).

2.    The District Court Did Not Err in Denying An Adjustment for Acceptance of Responsibility

Under USSG § 3E1.1, the offense level for a defendant who clearly demonstrates acceptance of responsibility for his offense is decreased by 2 levels. A defendant with an offense level of 16 or greater an additional one-level decrease on upon a motion by the government that the defendant has assisted authorities in the investigation or prosecution of his own misconduct.  Application note 4 to 3E1.1 states that a defendant who receives an obstruction adjustment under 3C1.1 ordinarily has not accepted responsibility, although there may be "extraordinary circumstances" that allow for adjustment under both sections.

"While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007).  A sentencing court's decision not to award a reduction pursuant to U.S.S.G. §3E1.1

will be affirmed unless it is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

As discussed above, there is no apparent abuse of discretion in the district court's imposing on Hopkins an upward adjustment for obstruction of justice. Consequently, Hopkins would need to show extraordinary circumstances to support a downward adjustment for acceptance of responsibility. At sentencing, Hopkins argued that he pled guilty early in the case, admitted to possession of crack, and saved the government from preparing for trial. (Tr. 120-22.) However, this Court, and cases from other circuits cited with approval by this Court, have held that a defendant's timely plea of guilty after engaging in obstructive conduct does not entitle the defendant to an adjustment for acceptance of responsibility. *See United States v. Chung,* 261 F.3d 536, 540 (5th Cir. 2001); *United States v. Ayala*, 47 F.3d 688, 690-91 (5th Cir. 1995); *United States v. Honken*, 184 F.3d 961, 967-973 (8th Cir.1999).

Instead, a court should consider the totality of the circumstances surrounding the defendant's obstructive conduct. *Chung,* 261 F.3d at 540; *Honken*, 184 F.3d at 967-973. Circumstances a court should consider include the nature of the obstructive conduct and whether the defendant voluntarily terminated the conduct. *Honken*, 184 F.3d at 968. Hopkins attempted to destroy the key evidence of his

guilt of the offense of possession of crack with intent to distribute—the crack itself. Hopkins did not voluntarily stop in his effort to flush the crack, but instead was caught in the act and stopped by law enforcement. Given these considerations, the district court did not abuse its discretion in not finding extraordinary circumstances.

Further, the PSR denied Hopkins an adjustment for acceptance of responsibility for reasons in addition to the obstruction of justice. The PSR notes that Hopkins minimized his role in the offense. Specifically, Hopkins denied knowing about some of the crack found in the house where he was arrested, despite evidence that he lived there, including his having a key to the house and mail addressed to him there. (PSR p.6, ¶17-19.) This is enough by itself to put denying Hopkins an adjustment for acceptance of responsibility within the district court's discretion. *United States v. Lopez*, 217 Fed. Appx. 406, 407-08 (5th Cir. 2007) ("the district court's ruling, based on [defendant's] denial of relevant conduct and his attempt to minimize his involvement in the offense, is not without foundation"); U.S.S.G. 3E1.1 App. N. 1 (in granting adjustment, court to consider defendant's truthfully admitting offense conduct and truthfully admitting or not falsely denying relevant conduct).

## **<u>Conclusion</u>**

Hopkins's case is a relatively straightforward case of possession with intent to distribute. The relevant facts relating to guilt were admitted by Hopkins without objection. Hopkins filed pre-trial motions, but none impact his plea of guilty.

Hopkins did raise objections regarding his sentence. But both of the objections deal with issues—obstruction of justice and acceptance of responsibility—over which the trial court has considerable discretion. On the record before this Court, it cannot be said that the trial court abused its discretion in imposing an obstruction adjustment and denying acceptance of responsibility.

While a "… more resourceful or ingenious lawyer might [find] additional issues that may not be frivolous," *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996), counsel has performed a conscientious and responsible review of the record and legal issues and has found no non-frivolous grounds for appeal.

Respectfully submitted,


By: _____ /s/ *Joe Rivera* _____
           Joe Rivera
           State Bar No. 24065981

**Naman, Howell, Smith & Lee, L.L.P.**
P.O. Box 1470
Waco, Texas 76703
254-755-4100
254-754-6331(fax)
**Attorneys for Appellant**

## Certificate of Service

This is to certify that a true and correct copy of the foregoing was delivered to counsel of record via regular mail, and electronic filing with the Clerk of Court using the Electronic Filing System which will send notification of such filing to the following, on this 2nd day of October, 2012, as follows:

    Joseph H. Gay, Jr. (joseph.gay@usdoj.gov)
    Assistant United States Attorney

I have also served Defendant Shelton Bernard Hopkins with a copy of this brief as follows:

    *Federal Express*
    Williamson County Jail
    306 W. 4th Street
    Georgetown, Texas 78626


                   /s/ *Joe Rivera* _____
                   Joe Rivera

# Certificate Of Compliance

Pursuant to 5th Circuit Rule 32.2.7(C)(i), the undersigned certifies this brief complies with the type-volume limitations of 5th Circuit Rule 32.2.7(b).

1. Exclusive of the exempted portions in 5th Circuit Rule 32.2.7(b)(3), the Brief contains no more than 4,798 **words** in proportionally spaced typeface, including footnotes.

(iii) Headings, footnotes, and quotations count toward the word and line limitations. The corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules or regulations, and any certificates of counsel do not count toward the limitation.

2. The Brief has been prepared in proportionally spaced typeface using:

**Microsoft Word 2010**

**Times New Roman (14 Pt. Type)**

3. If the Court so requests, the undersigned will provide an electronic version of the Brief, and/or a copy of the word or line printout.

4. The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type / volume limits in 5th Circuit Rule 32.2.27 may result in the Court's striking the Brief, and imposing sanctions against the person signing the Brief.


*/s/ Joe Rivera*
Joe Rivera
Attorney for Appellant